UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **VENESHIA FORD,** Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NATURALAWN OF AMERICA, INC.,**<br><br>Defendant. | CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>Case No. 8:24-cv-354 |

**FIRST CLASS ACTION COMPLAINT**

Plaintiff Veneshia Ford bring this class action against Defendant NaturaLawn of America, Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

1

3. To market its business, Defendant utilizes robocalls without first obtaining the required express written consent thereby contributing to the barrage of robocalls consumers face.

4. Defendant also sends text messages and calls after being asked to stop.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. Defendant is subject to general personal jurisdiction in Maryland because Defendant is incorporated and headquartered in Maryland.

## PARTIES

8. Plaintiff is a natural person who resides in Maryland.

9. Defendant is a Maryland corporation whose principal office is located in Frederick, Maryland.

## FACTS AS TO PRERECORDED MESSAGE

10. Defendant utilizes prerecorded voice calls to solicit consumers who have not consented to being called with prerecorded calls.

11. Plaintiff was one such target of Defendant's telemarketing. Specifically, on or about December 8, 2022, Plaintiff received a prerecorded voice call from Defendant on her cellular telephone from 240-782-2775. During the call, Defendant played a prerecorded voice message which stated

"hi im Jim with Naturalawn of America, I texted you a text about a pet and family friendly ice mount. I wanted to see if your prepared for eventually the snow which may be coming. I can be reached at 240-782-2775. Thank you and have a good day.

12. The message used by Defendant was recorded prior to it being utilized during the call to Plaintiff, and a live person did not read a script during the call.

13. The call received by Plaintiff utilized a recording of a generic sounding voice.

14. As reflected by the content of the message, the purpose of Defendant's robocall was to market and advertise Defendant's services.

15. Others have received similar recordings from Defendant.



3



16. At the time Plaintiff received the prerecorded voice message, Plaintiff was the subscriber or sole user of the cellular telephone number the received Defendant's prerecorded voice call.

17. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted utilizing prerecorded messages.

18. Defendant's unsolicited prerecorded calls caused Plaintiff and the Class members actual harm, including invasion of privacy, intrusion upon seclusion, and intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## FACTS AS TO TEXT MESSAGES

19. Defendant has caused multiple text messages to be transmitted to Plaintiff's cellular telephone number ending in 9922 ("9922 Number"):



5



20. Plaintiff has asked Defendant many times to stop contacting her but Defendant continues to send her text messages including on January 25, 2022 and March 4, 2022.

21. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

22. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

23. As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message Plaintiff.

24. Defendant sent at least two solicitations after Plaintiff's initial opt-out request.

25. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

26. Plaintiff utilizes the cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line.

27. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

28. Defendant's failure to honor opt-out requests demonstrates that Defendant does not 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

29. Defendant's failure to (1) maintain the required written policies and procedures, (2) provide training to its personnel engaged in telemarketing, (3) maintain a standalone do-not-call list, and (4) honor consumer opt-out requests caused Plaintiff and the class members harm as they continued to receive text message solicitations after asking for those messages to stop.

30. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

31. Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

33. Plaintiff brings this case on behalf of the Classes defined as follows:

> **PRERECORDED CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, received an artificial or prerecorded voice message call on their cellular telephone regarding Defendant's goods and/or services.**
>
> **INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's goods, products or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future text messages.**

34. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

35. Defendant and its employees or agents are excluded from the Classes.

**NUMEROSITY**

36. Defendant sent prerecorded messages to cellular telephone numbers belonging to at least 50 individuals the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

38. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using a prerecorded message;

   b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   c) Whether Defendant's conduct was knowing and willful;

   d) Whether Defendant is liable for damages, and the amount of such damages; and

   e) Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

41. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

42. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)
**(On Behalf of Plaintiff and the Prerecorded Class)**

44. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

45. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

46. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common

carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

47. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

48. Defendant used prerecorded voice calls to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

49. Plaintiff and the Class members did not consent to receive prerecorded voice calls from Defendant.

50. Defendant did not have prior express written consent to call the cellular telephones of Plaintiff and the other members of the putative Class utilizing a prerecorded or artificial voice.

51. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class without their consent.

52. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

53. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
### VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

54. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

55. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

56. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

57. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

58. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members opt-out requests.

59. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

60. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

61. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

62. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

63. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation of the TCPA.

d) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 2, 2024

Respectfully submitted,
*/s/ Andrea Gold*
Andrea Gold (Bar No. 18656)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Phone: (202) 973-0900
Fax: (202) 973-0950
agold@tzlegal.com

*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
**EISENBAND LAW, P.A.**
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
(pro hac to be filed)

*/s/ Manuel Hiraldo*
Manuel S. Hiraldo
**HIRALDO P.A.**
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
(pro hac to be filed)

*Attorneys for Plaintiff*